Forte, J.
This is an action in contract in which the plaintiff-insurer seeks recovery of the money it paid to its insured, the defendant, for motor vehicle property damage under the collision coverage provisions of the parties' insurance policy. The plaintiff contends that its subrogation rights were violated when the defendant also received money for property damage from the insurance company which covered the other vehicle involved in the collision.
At trial there was evidence that the defendant insured his motor vehicle with the plaintiff insurance company, and that the defendant's vehicle was damaged in the net amount of$6,116.74ina collision with a vehicle owned by one Connoncio which was insured by Liberty Mutual Insurance Company (“Liberty Mutual”).
The defendant filed a claim with the plaintiff under the collision coverage provisions of the parties' insurance contract, and the plaintiff paid the defendant $6,116.74.
The defendant also made claims for personal injury and property damage to Connoncio's insurance company, Liberty Mutual. Liberty Mutual issued to the defendant, under a property damage cover letter, a check for $2,050.00, which was cashed.
At the close of the evidence, the defendant filed Dist/Mun. Cts. R. Civ. R, Rule 64(b) requests for rulings of law, and now claims to be aggrieved by the court's denial of the following two:
“2. Plaintiff must first show it had instituted suit under its subrogation rights against the third party and been denied judgment on the basis that defendant had released said third party, before plaintiff has any right of action against defendant.
“3. Plaintiff must first show it had obtained judgment against the third party and been denied satisfaction by said third party of his insurer based upon release executed by defendant before plaintiff is entitled to institute suit against defendant.”
The trial judge found for the plaintiff in the amount of $2,050.00 based upon the plaintiff's equitable right of subrogation[1] and the defendant's unjust enrichment, as enunciated in the judge's subsidiary findings.[2]
There was no error.
*27 It is established that
The right of subrogation is not dependent on contract but ‘rest [s] upon natural justice and equity.’ Amory v. Lowell, 1 Allen 504, 507 ... subrogation is an equitable arrangement incident to all contracts of indemnity and to all payments on account thereof.’ The general rule of law... it that [where] there is a contract of indemnity... and a loss happens, anything which reduces or diminishes that loss reduces or diminishes the amount the indemnifier is bound to pay; and if the indemnifier has already paid it, then if anything which diminshes file loss comes into the hands of the person to whom he has paid it, it becomes an equity that the person who has already paid the full indemnity is entitled to be recouped by having that amount back.’
Travelers Ins. Co. v. Graye, 358 Mass. 238, 240-241 (1970). See also, Frost v. Porter Leasing Corp., 386 Mass. 425 (1982).
Report dismissed.

 The parties' insurance policy also contained a general subrogation clause which provided, in relevant part: “[slomethnes you or someone else may recover money from the person legally responsible for an accident and also receive money from us for the same accident. If so, the amount we paid must be repaid to us to the extent that you or someone else recover....”

 The trial judge's subsidiary findings included the following:
“Subrogationrightsmay ariseout of acontract, butitisfirmly established thatsubrogationis an equitable nght and as such equitable law applies. The defendant stands to be unduly enriched by his double recovery to the detriment of the plaintiff.
“I find that the defendant was insured by the plaintiff, thatthe defendant collected from the plaintiff under a collision toss and subsequently made a property damage claim against another party thereby interfering w‘th theplaintiirs equitable rights of subrogation and therefore had been unduly enriched to the detriment of the plaintiff.